Belknap
No. 83-002

## First Bank and Trust Company

### v.

## New Hampshire Insurance Group & a.

December 30, 1983

*Snierson, Chandler & McKean,* of Laconia (*Edgar D. McKean, II,* on the brief), by brief for the plaintiff.

*Hall, Morse, Gallagher & Anderson,* of Concord (*G. Wells Anderson* and *Michael B. King* on the brief), by brief for the defendant.

### Memorandum Opinion

The issue in this declaratory judgment proceeding is whether the provision of an insurance policy insuring the plaintiff bank against "advertising injury" covers damages allegedly resulting from breach of contract, negligence and breach of a fiduciary relationship by the plaintiff bank in assisting the plaintiffs in the underlying lawsuit against the bank in their purchase of business property. We hold that there is no coverage.

The plaintiff, First Bank and Trust Company (the bank), has been sued by Robert and Janet Gardner by a writ containing three counts. Count one is based on breach of contract for failing to give proper advice in the spring of 1979 regarding the purchase by the Gardners of a certain business. The second count alleges that the bank acted negligently in giving advice and assistance in connection with the purchase, while the third claims a breach of fiduciary duty and bad faith by the bank in its encouraging the Gardners to purchase the business when it knew the price was inflated.

An insurance policy issued to the bank by the defendant New

418

Hampshire Insurance Group contains a provision insuring against "personal injury or advertising injury . . . arising out of the conduct of the named insured's business . . . ." The defendant declined coverage, and the bank petitioned for a declaratory judgment to determine coverage. *See* RSA 491:22, :22-a. The matter was heard before a Master (*Robert A. Carignan,* Esq.) who, on an agreed statement of facts with accompanying depositions, issued a report finding no coverage and recommending that the plaintiff's petition be denied. The Superior Court (*Cann,* J.) accepted this recommendation and denied the petition.

After examining the provisions of the policy, the master concluded, contrary to the bank's contention, that "the mere explanation of bank services to a couple in a private office, cannot be considered 'advertising'" and that an alleged failure on the part of a bank properly to provide an advertised service does not result in an "advertising injury" within the meaning of the policy.

Upon review of the record, we find that with reference to the evidence before him, the master properly placed the burden on the insurer to prove that no coverage exists and correctly applied the standards appropriate to the interpretation of an insurance policy. *See generally Andrews v. Nationwide Mut. Ins. Co.,* 124 N.H. 148, 467 A.2d 254 (1983); *U.S. Fidelity & Guaranty Co., Inc. v. Johnson Shoes, Inc.,* 123 N.H. 148, 153, 461 A.2d 85, 88 (1983). Accordingly, we affirm.

*Affirmed.*