Hillsborough
No. 90-550

HAPPY HOUSE AMUSEMENT, INC.

v.

NEW HAMPSHIRE INSURANCE COMPANY

July 10, 1992

720

*Ahlgren & Smith*, of Manchester (*Gregory J. Ahlgren* on the brief and orally), for the plaintiff.

*Wiggin & Nourie*, of Manchester (*Doreen F. Connor* on the brief and orally), for the defendant.

PER CURIAM.  The plaintiff, Happy House Amusement, Inc., appeals from a decision of the Superior Court (*Goode*, J.) that the defendant, New Hampshire Insurance Company, is not obligated to defend or provide insurance coverage to the plaintiff in connection with a civil action brought against it by Chadwick Baross, Inc. (Chadwick). We reverse and remand.

Chadwick is in the business of leasing and selling construction equipment. Chadwick sued the plaintiff for damages sustained to Chadwick's bulldozer during a demonstration. The writ alleged in pertinent part that the plaintiff "negligently drove the bulldozer out onto ice, the result being that the bulldozer fell through the ice, sustaining . . . damage . . . ." The plaintiff sought coverage under its commercial umbrella insurance policy with the defendant. The defendant denied coverage, relying upon an exclusion providing that the policy "shall not apply with respect to liability for PROPERTY DAMAGE as defined in this policy to PERSONAL PROPERTY of

others in the insured's care, custody or control." The plaintiff thereafter initiated this declaratory judgment action to determine coverage.

The defendant moved for summary judgment on the basis of the above-quoted exclusion. The plaintiff objected, alleging the existence of material factual disputes, including a dispute as to whether the bulldozer was in the plaintiff's care, custody or control. In support of its objection, the plaintiff filed an affidavit of its president, stating that Chadwick arranged for the bulldozer demonstration, unloaded the bulldozer at the site, supervised and directed the actual demonstration, and retained care, custody and control of the bulldozer at all times, including the time that the bulldozer was damaged. The affidavit further stated that at no time was the bulldozer used in any operation of the plaintiff. The Superior Court (*Groff*, J.) agreed that there were genuine issues of material fact and denied the motion.

After other pretrial motions were disposed of, a trial was scheduled, and the parties appeared prepared to present witnesses. Prior to the hearing, the Court (*Goode*, J.) called counsel into chambers. The defendant renewed its request for a decision on the pleadings. After hearing argument, the court decided the case without an evidentiary hearing. The court held that Chadwick's allegation in its writ that the plaintiff was driving the bulldozer constituted an allegation that the bulldozer was in the plaintiff's "control" at the time it was damaged. The court concluded that the defendant was therefore not obligated to defend or provide insurance coverage to the plaintiff, and dismissed the petition for declaratory judgment.

■■ "It is well-settled law in New Hampshire that an insurer's obligation to defend its insured is determined by whether the cause of action against the insured alleges sufficient facts in the pleadings to bring it within the express terms of the policy, even though the suit may eventually be found to be without merit." *U.S. Fidelity & Guaranty Co., Inc. v. Johnson Shoes, Inc.*, 123 N.H. 148, 151–52, 461 A.2d 85, 87 (1983). The duty to defend is not necessarily coextensive with the duty of an insurer to pay. *Id.* at 152, 461 A.2d at 87.

The trial court held that because Chadwick's writ alleged that the plaintiff "drove" the bulldozer, the writ therefore alleged that the bulldozer was in the plaintiff's "control" at the time it was damaged. The defendant agrees, arguing that "[p]ossession or possessory control of the personal property at issue is generally the only degree of control necessary for purposes of the 'care, custody or control' exclusion." (Emphasis omitted.) We conclude, however, that the bare alle-

gation of the operation of machinery does not, by itself, suffice for application of the exclusion.

In *Mead v. Travelers Ins. Co.*, 111 N.H. 27, 274 A.2d 792 (1971), we considered the application of a policy exclusion for property in the "care, custody or control of the insured" to a case in which the insured was operating a crane. While an oil tank was being moved with the crane, the crane cable broke, causing the oil tank to fall and sustain damage. The insurance company argued that because the crane was being operated by the insured, the insured had care, custody or control of the oil tank when it was damaged. The court noted, however, that the insured was acting under the direction of the oil tank owner, stating, "The crane, and [the insured] as its operator, were no more than instrumentalities of [the oil tank owner]." *Id.* at 31, 274 A.2d at 795. The court held that the exclusion did not apply. *Id.*; see also Fish v. Nationwide Mutual Ins. Co., 126 Vt. 487, 236 A.2d 648 (1967); *Glens Falls Ins. Co. v. Fields*, 181 So. 2d 187 (Fla. Dist. Ct. App. 1965), *cert. denied*, 188 So. 2d 815 (Fla. 1966).

■■ Granted, the writ does not allege specific facts that demonstrate that Chadwick retained care, custody or control of the bulldozer. Neither, however, does it allege specific facts sufficient to rule out the possibility that the plaintiff did not have care, custody or control of the bulldozer. Although an insurer's obligation to defend its insured may be determined by whether the cause of action against the insured alleges sufficient facts in the pleading to bring it within the express terms of the policy,

> "the insurer's obligation is not merely to defend in cases of perfect declarations, but also in cases where by any reasonable intendment of the pleadings liability of the insured can be inferred, and neither ambiguity, inconsistency, nor duplicity in the [underlying plaintiff's] complaint or declaration can justify escape of the insurer from its obligation to defend."

14 M. RHODES, COUCH ON INSURANCE 2D § 51:49 (rev. ed. 1982) (footnotes omitted). "Furthermore, in a case of doubt as to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured's favor." *Id.* (footnote omitted).

■■ Looking beyond the writ itself, we note that the plaintiff filed an affidavit below in support of its contention that Chadwick "supervised and directed" the bulldozer demonstration and retained

care, custody and control of the bulldozer at all relevant times. The trial court decided this case without an evidentiary hearing. The burden of establishing noncoverage was upon the defendant. *Johnson Shoes, Inc.*, 123 N.H. at 153, 461 A.2d at 87; *see* RSA 491:22-a; R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1228 (1984) (insurer bears burden of proof as to the obligation to defend). The defendant did not carry that burden. We reverse the order dismissing the petition for declaratory judgment and remand for further proceedings.

*Reversed and remanded.*

BROCK, C.J., did not participate; the others concurred.