GREEN MOUNTAIN INSURANCE COMPANY

v.

VAUGHN FOREMAN AND ANDRE R. ROY

April 21, 1994

*Wiggin & Nourie, P.A.*, of Manchester (*Gordon A. Rehnborg, Jr.* and *Doreen F. Connor* on the brief, and *Ms. Connor* orally), for the plaintiff.

*Thomas A. Rappa, Jr.*, of Woodsville, by brief and orally, for defendant Andre R. Roy.

*Thornton & Thornton*, of Manchester, for defendant Vaughn Foreman, filed no brief.

JOHNSON, J. Defendant Andre R. Roy appeals the Superior Court's (*O'Neill*, J.) ruling that the plaintiff, Green Mountain Insur-

ance Company (Green Mountain), need not defend or indemnify its insured, defendant Vaughn Foreman, under a homeowner's policy in connection with a tort action Roy brought against Foreman. We affirm, holding that Roy's negligence count, as set forth in his pleadings, failed to allege facts constituting an "accident."

The incident giving rise to this dispute occurred at Roy's home, which he shared with Sandra Murray and rented from Foreman. While Foreman was visiting the couple one day and inquiring about overdue rental payments, Roy fell backwards over a porch railing, injuring his neck. Roy sued Foreman, alleging that Foreman "did commit battery, in that he intentionally punched . . . Roy[ ] in the face, . . . said contact being the direct and proximate cause of [Roy] falling backwards off the porch." Roy later moved to amend his writ, stating that "through the course of formal discovery it was learned that [Foreman] has no specific recollection of the incident resulting in [Roy's] injury and therefore may not have intended the result of his actions." The superior court granted the motion, allowing the following negligence count to be included in an amended writ:

> "OR IN THE ALTERNATIVE IN PLEA OF THE CASE in that [Foreman] owed [Roy] a duty of ordinary care during their discussion of a rental agreement; that [Foreman] breached that duty when *his actions* caused [Roy] to fall backwards over his porch railing and onto the ground; that [Foreman's] breach was the direct and proximate result [*sic*] of injury and damage to [Roy] . . . ."

(Emphasis added.)

Foreman asked Green Mountain for defense and indemnification in connection with Roy's suit. In response, Green Mountain filed a petition for declaratory judgment, naming Foreman and Roy as defendants. The superior court ruled that Green Mountain had no duty to defend or indemnify Foreman in connection with Roy's suit against him. The court found: "Roy alleges only intentional conduct in his pleadings. Although the amendment broaches the concept of negligence, it fails to, with any degree of precision, state any specific alleged acts of negligence. Specifically, Roy does not allege that Foreman acted unconsciously or involuntarily." The insurance policy, the court noted, excluded liability coverage for intentional acts. Roy appealed, and argues here that his negligence count alleges sufficient facts to trigger Green Mountain's duty to defend.

██ "It is well-settled law in New Hampshire that an insurer's obligation to defend its insured is determined by whether the cause

of action against the insured alleges sufficient facts in the pleadings to bring it within the express terms of the policy, even though the suit may eventually be found to be without merit." *U.S. Fidelity & Guaranty Co., Inc. v. Johnson Shoes, Inc.*, 123 N.H. 148, 151–52, 461 A.2d 85, 87 (1983). Accordingly, our first order of business is to examine the relevant portions of the homeowner's policy Foreman purchased from Green Mountain. In the section labelled "PERSONAL LIABILITY," the policy provides:

> "[Green Mountain] agrees to pay on behalf of [Foreman] all sums which [Foreman] shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, *caused by an occurrence.* [Green Mountain] shall have the right and duty, at its own expense, to defend any suit against [Foreman] seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent . . . ."

(Emphasis added.) The policy defines "occurrence" as an "accident . . . which results . . . in bodily injury." Thus, liability coverage under this policy is predicated on an injury caused by an "accident," and Green Mountain's duty to defend Foreman depends on whether Roy's negligence count alleges facts constituting an "accident." As the insurer, Green Mountain bears the burden of proof. *See Happy House Amusement v. N.H. Ins. Co.*, 135 N.H. 719, 723, 609 A.2d 1231, 1233 (1992).

If Roy's negligence count alleges an intentional punch as the cause of injury, Green Mountain has no duty to defend Foreman because such an act does not constitute an "accident." This is true even if Roy alleges that Foreman did not intend to cause any neck injury. As we recently explained, an insured's intentional act cannot be an "accident" when it is so inherently injurious that "it is certain to result in *some* injury, although not necessarily the particular alleged injury." *Providence Mut. Fire Ins. Co. v. Scanlon*, 138 N.H. 301, 306, 638 A.2d 1246, 1249 (1994). An intentional punch is inherently injurious, and "[a]n injury caused by an assault and battery normally is not considered to be [accidentally caused] even if the specific injury was not intended." *Vermont Mut. Ins. Co. v. Malcolm*, 128 N.H. 521, 524, 517 A.2d 800, 803 (1986) (quotation omitted); *see also Fisher v. Fitchburg Mut. Ins. Co.*, 131 N.H. 769, 773, 560 A.2d 630, 632 (1989); *Jespersen v. U.S. Fidelity & Guaranty Co.*, 131 N.H. 257, 261, 551 A.2d 530, 532–33 (1988).

In reading Roy's pleadings, we are mindful that

> "the insurer's obligation is not merely to defend in cases of perfect declarations, but also in cases where by any reasonable intendment of the pleadings liability of the insured can be inferred, and neither ambiguity, inconsistency, nor duplicity in the [underlying plaintiff's] complaint or declaration can justify escape of the insurer from its obligation to defend. Furthermore, in a case of doubt as to whether or not the complaint against the insured alleges a liability of the insurer under the policy, the doubt must be resolved in the insured's favor."

*Happy House Amusement*, 135 N.H. at 722, 609 A.2d at 1232–33 (quotation and citation omitted). For the following reasons, we conclude that a duty to defend cannot be inferred by any reasonable intendment of Roy's negligence count.

■ Most damning to Roy's appeal is that this count does not allege any injury-producing facts at all. Consequently, it is impossible to draw the necessary inference that the count alleges facts interpretable as an "accident." *See Johnson Shoes*, 123 N.H. at 151–52, 461 A.2d at 87. The count simply states that Foreman's "actions" breached a duty of care and caused Roy's injury. This is a conclusion of negligence, not an allegation of fact, and hence is insufficient to trigger a duty to defend. *See* A. WINDT, INSURANCE CLAIMS AND DISPUTES § 4.02, at 133–34 (1988).

Roy seems to suggest that because the word "actions" may refer to a universe of possible acts, one of which *could* qualify as an "accident," the pleading is ambiguous. *Cf. Happy House Amusement*, 135 N.H. at 722, 609 A.2d at 1232–33 (ambiguities must be resolved in insured's favor). Roy's "shotgun" approach to the amended writ, however, does not create a question of ambiguity, but rather a failure of pleading. His motion to amend gives no indication that he wished to allege a cause of injury other than the intentional punch described in the original writ. Significantly, the motion argues that Foreman "may not have intended *the result* of his actions," not that Foreman *acted* unintentionally. (Emphasis added.) If "actions" in the negligence count does not refer to the punch, it is simply too broad to have any meaning at all.

We likewise dismiss Roy's protestation that he could not allege specific facts because he did not know what Foreman did to cause the fall. If Roy, as a result of discovery, uncovered facts that supported a negligence claim, he could have moved to amend his pleadings ac-

cordingly. This he did not do. Of course, if Roy's discovery did not support a negligence claim, Roy would have had no proper justification for adding a negligence count. *See* N.H. R. PROF. CONDUCT 3.1; SUPER. CT. R. 59. This decision, that Green Mountain has no duty to defend or indemnify, is based on the pleadings in this case at this time. We need not decide whether there would be a duty on the part of Green Mountain to defend and indemnify if Roy were to hereafter amend his pleadings to properly allege a count in negligence.

We affirm the superior court's ruling because a duty to defend cannot be inferred by any reasonable intendment of Roy's negligence count. *See Happy House Amusement*, 135 N.H. at 722, 609 A.2d at 1232–33. This holding obviates the need to address any of the other issues raised by the parties.

*Affirmed.*

HORTON, J., with whom BATCHELDER, J., joined, dissented; the others concurred.

HORTON , J., dissenting: The majority begins from the correct basis: the test of the insurer's obligation to defend is measured by whether the facts alleged in the liability action bring the matter within the express terms of the policy. *U.S. Fidelity & Guaranty Co., Inc. v. Johnson Shoes, Inc.*, 123 N.H. 148, 151–52, 461 A.2d 85, 87 (1983). For these purposes, however, the majority would test the facts alleged in the liability case on the standard articulated for a motion to dismiss for failure to state a claim. Thus, they reject any factual allegations that are bare conclusions of law. *Ronayne v. State*, 137 N.H. 281, 283, 632 A.2d 1210, 1211 (1993). This standard is too strict for measuring the duty to defend. We should look to whether "'by any reasonable intendment of the pleadings liability of the insured can be inferred. . . .'" *Happy House Amusement v. N.H. Ins. Co.*, 135 N.H. 719, 722, 609 A.2d 1231, 1232 (1992) (quoting 14 M. RHODES, COUCH ON INSURANCE 2D § 51:49 (rev. ed. 1982)). Thus, the "facts" necessary to withstand a motion to dismiss for failure to state a claim should not be the same as the "facts" necessary to bring a matter within the express terms of a policy of coverage. For this purpose I would accept conclusory facts.

We should require the insurance company to defend to the point of dismissing the negligence claim. Green Mountain has agreed to defend "even if any of the allegations of the suit are groundless, false or fraudulent."

Practical considerations buttress this approach. The liability case remains alive. Subject to such preclusive effect as this declaratory judgment ruling and our holding on appeal may have, the plaintiff may take another shot at amending his negligence count. He may be successful, not only on amending, but in getting it right. He may move from there to proving his case and burdening the liability defendant with a verdict, based on an occurrence. This burden should belong to the insurance company, to the limits of its coverage. The majority seeks to avoid this problem by limiting the affirmance of the decree below to the specific pleadings involved, possibly reserving, to the defendant, the right to return for another bite should successful amendment in the liability case create properly pled negligence exposure, but giving no guarantee of that right. The insured parted with his premium money to obtain protection against the cost of defending any negligence claim, even groundless claims, and against the risk of answering in damages to such claims.

I would require the insurance company to defend on an "intendment" analysis of the pleadings. If the pleadings are otherwise defective, let the insurance company assert the defect in the liability case. Should the circumstances of the case require conditional disposition of the coverage issue, the decree in the declaratory judgment could be structured to deny coverage if the negligence count is disposed of with prejudice. The result at hand, no duty to defend or indemnify, without such a firm and binding condition, is unsatisfactory.

BATCHELDER , J., joins in the dissent.