Samsco, et al. v. Hartford, et al.     CV-92-564-M    05/28/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Samsco, Inc. and Samuel G. Travis,
      Plaintiffs

      v.                                         Civil No. 92-564-M

Hartford Accident & Indemnity Company;
Massachusetts Bay Insurance Company; and
Maine Bonding & Casualty Company,
      Defendants


**O R D E R**

Defendants Hartford Accident and Indemnity Company ("Hartford") and Maine Bonding and Casualty Company ("Maine Bonding") move for reconsideration of the court's November 6, 1998 order granting Defendant Massachusetts Bay Insurance Company's ("Massachusetts Bay") motion for summary judgment.

Hartford and Maine Bonding first argue that it was unfair for the court to dismiss as insufficient for summary judgment purposes the unsworn statement of Mr. Travis while accepting the hearsay statements made by Mr. Ohnesorge at his deposition.[1]  In its November 6, 1998 order, the court relied on deposition testimony by Nordale representative Joel R. Ohnesorge that he had been told by a customer that Mr. Travis informed the customer in May of 1989 that Nordale had gone out of business.  The court refused to consider, however, the unsworn statement of Mr. Travis

_____

[1]Alternatively, Hartford and Maine Bonding ask for time to obtain Mr. Travis' sworn statement.  That request is now moot as Hartford and Maine Bonding have since obtained Mr. Travis' affidavit and sought to submit it to supplement the record.  That motion was denied on March 5, 1999.

that he had made no disparaging statements about Nordale. Hartford and Maine Bonding argue that the court's failure to consider Mr. Travis' statement is unfair, considering that Mr. Ohnesorge's testimony was itself hearsay and therefore would not be admissible at trial. The court disagrees.

In the context of this action, Mr. Ohnesorge's testimony is not hearsay because it is not offered to prove the truth of the matter asserted. See Fed. R. Evid. 801(c). Massachusetts Bay did not have to prove that Mr. Travis actually made a disparaging statement prior to January 1, 1990 (the effective date of its first policy insuring Samsco); it only had to prove that Nordale alleged that he had. Nordale's complaint provided neither specific allegations of disparaging statements nor a time frame in which the statements were allegedly made. However, discovery was undertaken presumably in an effort to flesh out Nordale's allegations, and, given Hartford's and Maine Bonding's representation that "all parties agree that discovery undertaken in the underlying case provides an appropriate basis to determine the contractual obligations of the litigants,"[2] the court will accept the deposition testimony of a Nordale representative as evidence of its allegations in the underlying action. Indeed, far from objecting to the consideration of such "hearsay" statements by Mr. Ohnesorge, Hartford and Maine Bonding rely on

_____

[2]Memorandum of Law in Support of the Joint Objection of Hartford Accident & Indemnity Company and Maine Bonding & Casualty Company to the Motion for Summary Judgment Filed on the Behalf of Massachusetts Bay Insurance Company at 3.

2

his testimony regarding statements allegedly made by a Samsco representative to Karsten Manufacturing in 1990 to support their argument that disparaging statements were allegedly made during the term of Massachusetts Bay's policy.

For similar reasons, even if the court had considered Mr. Travis' unsworn denial that he had made the allegedly disparaging statement, it would not have created a genuine issue of material fact that would preclude summary judgment. As noted above, the truth of Nordale's allegations is immaterial; what does matter is whether "the cause of action against the insured alleges sufficient facts in the pleadings to bring it within the express terms of the policy, even though the suit may eventually be found to be without merit." <u>United States Fidelity & Guar. Co., Inc. v. Johnson Shoes, Inc.</u>, 123 N.H. 148, 151-52 (1983).

Hartford and Maine Bonding next argue that Mr. Travis' alleged statement that Nordale had gone out of business "does not constitute product disparagement within the meaning of the exclusion relied upon by Massachusetts Bay."[3] It is difficult to appreciate how this argument helps Hartford and Maine Bonding. As they pointed out, "discovery in the underlying case revealed that the <u>only</u> allegedly disparaging comments made by Samsco employees with respect to the underlying plaintiff suggested that the underlying plaintiff was out of business."[4] If the

--------

[3]Hartford and Maine Bonding's Joint Motion for Reconsideration at ¶ 5.

[4]Joint Objection of Hartford Accident & Indemnity Company and Maine Bonding & Casualty Company to Massachusetts Bay

3

statements alleging that Nordale had gone out of business are not disparaging statements covered under the exclusion, neither are they disparaging statements covered under the policy itself. The exclusion at issue states that the policy does not cover "'[p]ersonal injury' or 'advertising injury' . . . [a]rising out of oral or written publication of material whose first publication took place before the beginning of the policy period." (Policy ZDV3519818, § B(2)(a)(2).) If a statement does fall within the defined terms "personal injury" or "advertising injury" for purposes of this exclusion, it must not fall within those defined terms for purposes of the policy's coverage: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal injury' or 'advertising injury' to which this insurance applies." (Policy ZDV3519818, § B(1)(a).)

Finally, Hartford and Maine Bonding argue that even if there had been an allegedly disparaging statement made prior to the policy period, it would not constitute the same loss or occurrence as a similar statement made to a different Nordale customer during the policy period. This argument was considered and rejected in the court's original order and the court declines to reconsider it.

---

Insurance Company's Motion for Summary Judgment at ¶ 14 (emphasis added).

4

<u>Conclusion</u>

For the foregoing reasons, Hartford and Maine Bonding's Joint Motion for Reconsideration (document no. 59) is denied.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

May 28, 1999

cc:  James G. Walker, Esq.
     E. Tupper Kinder, Esq.
     Theodore Wadleigh, Esq.

5