SIG Arms v. Employers Ins. of Wausau  CV-99-466-JD  12/05/00
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

SIG Arms Inc.

     v.

Employers Insurance
of Wausau, et al.

Civil No. 99-466-JD
Opinion No. 2000 DNH 254


O R D E R


The plaintiff, SIG Arms Inc., seeks a declaratory judgment, damages, and other relief in a suit brought against several of its insurers, including the defendants, Zurich Insurance Company and Zurich-American Insurance Company ("Zurich").[1]  SIG Arms contends that Zurich is obligated under its comprehensive general liability policies to defend and indemnify SIG Arms in lawsuits brought by municipalities in state courts.  SIG Arms moves for partial summary judgment as to Zurich's duty to defend based on the 1998-1999 policy, and Zurich objects.

_____

[1]The suit was originally filed in state court, seeking a declaratory judgment under New Hampshire law, and was removed to this court by the defendants.  Thereafter, SIG Arms filed an amended complaint in which declaratory relief was sought pursuant to 28 U.S.C.A. § 2201.  As a result, the federal declaratory judgment statute, rather than the state statute, provides the applicable law in this case.  Cf. EnergyNorth Natural Gas v. Associated Elec. & Gas, 21 F. Supp. 2d 89, 90-92 (D.N.H. 1998) (explaining operation of state declaratory judgment statute in federal court following removal based on diversity jurisdiction).

## Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine if the factual controversy is "sufficiently open-ended to permit a rational factfinder to resolve the issue in favor of either side," and the issue is material if it "might affect the outcome of the suit under the governing law." Allstate Ins. Co. v. Occidental Int'l, Inc., 140 F.3d 1, 2 (1st Cir. 1998). The moving party bears both the initial burden of demonstrating the absence of a genuine issue of material fact and the ultimate burden of persuasion on the motion. See Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000).

## Background

SIG Arms manufactures and sells firearms, and its principal place of business is in Exeter, New Hampshire. Since 1987, SIG Arms has purchased comprehensive liability insurance from Zurich. Zurich Insurance Company is a Swiss company, while Zurich-American Insurance Company is organized under the laws of New

2

York with a principal place of business in Illinois. Zurich-American is the successor in interest to Zurich (Swiss), and the parties treat the companies, for purposes of this motion, as the same entity.

In October of 1998, municipalities began to file lawsuits against firearms manufacturers including SIG Arms. As of the date of the motion for summary judgment, SIG Arms had been named a defendant in fifteen such lawsuits. While the suits are not identical, they are similar. The municipalities generally allege that the firearms manufactured and sold by the defendants are unreasonably dangerous, that the defendants have been and continue to be negligent in marketing and selling the firearms, and that the marketing of the firearms is deceptive. As a result, the municipalities allege, people are accidentally killed and injured, and the firearms are available for use in criminal activities and gun-related violence. The municipalities contend that because of the shootings, arising from the defendants' activities, they have incurred the costs of providing enhanced police protection, emergency services, police pension benefits, medical care, health care, social services, and correction rehabilitation services. The municipalities also claim a loss of tax revenue due to lost productivity, decreased property values, and loss of population.

The Zurich insurance policy at issue provides as follows, in pertinent part:

FOREIGN COVERAGE ENDORSEMENT WORLDWIDE

1. INSURING AGREEMENTS:

A. WE WILL PAY THOSE SUMS THAT THE INSURED BECOMES LEGALLY OBLIGATED TO PAY AS DAMAGES BECAUSE OF "BODILY INJURY" OR "PROPERTY DAMAGE" TO WHICH THIS INSURANCE APPLIES. NO OTHER OBLIGATION OR LIABILITY TO PAY SUMS OR PERFORM ACTS OR SERVICES IS COVERED UNLESS EXPLICITLY PROVIDED FOR UNDER SUPPLEMENTARY PAYMENTS - COVERAGE A AND B. THIS INSURANCE APPLIES ONLY TO "BODILY INJURY" AND "PROPERTY DAMAGE" WHICH OCCURS DURING THE POLICY PERIOD. THE "BODILY INJURY [sic] OR "PROPERTY DAMAGE" MUST BE CAUSED BY AN "OCCURRENCE". [sic] THE "OCCURRENCE" MUST TAKE PLACE IN THE "COVERAGE TERRITORY". [sic] WE WILL HAVE THE RIGHT AND DUTY TO DEFEND ANY "SUIT" SEEKING THOSE DAMAGES.

. . .

SECTION I - COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

. . .

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

c. Damages because of "bodily injury" include damages claimed by any person or organization

4

> for care, loss of services or death resulting at any time from the "bodily injury."
>
> . . .
>
> SECTION V - DEFINITIONS
>
> 3.  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

Zurich policy, GLO 1312788-12, 01/01/98 - 01/01/99, SIG Arms 000319, 000324, 000333.

SIG Arms notified Zurich of the lawsuits as they were filed, seeking coverage under the Zurich policies. Zurich has denied coverage as to all of the suits filed by municipalities on the ground that the suits do not allege a covered loss. More specifically, Zurich determined that the allegations in the underlying suits did not constitute allegations of bodily injury, property damage, personal injury, or advertising injury within the meaning of the coverage provisions of the applicable policies.

SIG Arms filed this action in state court in New Hampshire in September of 1999. The action was later removed to this court, and SIG Arms filed an amended complaint in July of 2000. SIG Arms seeks declaratory relief as to the insurance coverage obligations of Zurich, Employers Insurance of Wausau, and Gerling America Insurance Company in the underlying suits by

5

municipalities and a suit filed by the NAACP. SIG Arms also brings breach of contract and consumer protection act claims against Zurich.

## Discussion

SIG Arms moves for partial summary judgment that Zurich's 1998-1999 policy obligates Zurich to provide SIG Arms with a defense in the underlying suits. The motion does not address the other claims brought against Zurich and does not pertain to the other defendants. In its objection, Zurich argues a choice-of-law issue and contends that the allegations in the suits by municipalities do not trigger coverage under the 1998-1999 policy.

### A. Choice of Law

SIG Arms relies on the law of New Hampshire as the applicable law. Zurich contends that the law of Illinois is the applicable law. The parties agree that New Hampshire's choice-of-law rules apply. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941) (applying choice-of-law rules of forum state in diversity jurisdiction case).

Under New Hampshire choice-of-law principles, when more than one state may have an interest in the suit and the choice

6

involves substantive law, the court must first decide whether relevant New Hampshire law actually conflicts with the laws of the other interested states. See Keeton v. Hustler Magazine, Inc., 131 N.H. 6, 13 (1988); accord Sinclair v. Brill, 815 F. Supp. 44, 46 (D.N.H. 1993). The party asserting application of the law of a foreign state bears the burden of proving its content. See Petition of Breau, 132 N.H. 351, 361 (1989); see also Bel-Ray Co., Inc. v. Chemrite (PTY) Ltd., 181 F.3d 435, 441 (3d Cir. 1999). Zurich argues that because Illinois courts have interpreted the policy term "bodily injury" and the New Hampshire Supreme Court has not, an actual conflict exists between the states' laws.[2]

SIG Arms, however, asserts that coverage exists under Part C of the insuring agreement which states that damages because of "bodily injury" include damages claimed by an organization "for care, loss of services or death resulting at any time from the 'bodily injury.'" As the court noted in its order addressing Zurich's motion for relief pursuant to Federal Rule of Civil Procedure 56(f), Zurich has not shown that an actual conflict

---

[2]Zurich relies on the Illinois court's holding in Diamond St. Ins. Co. v. Chester-Jensen Co., 611 N.E.2d 1083, 1088 (Ill. App. Ct. 1993), that the insurance policy term "bodily injury" does not cover underlying claims for economic damages suffered by an employer for lost work and lost productivity of its employees.

7

exists with respect to the relevant law.[3]  See Order, Oct. 31, 2000, at 3.  As Zurich has not shown an actual conflict between the relevant law of New Hampshire and Illinois, the court will apply the law of the forum state, New Hampshire.

B.  Duty to Defend

"It is well-settled law in New Hampshire that an insurer's obligation to defend its insured is determined by whether the cause of action against the insured alleges sufficient facts in the pleadings to bring it within the express terms of the policy, even though the suit may eventually be found to be without merit."  United States Fid. & Guar. Co. v. Johnson Shoes, Inc., 123 N.H. 148, 151-52 (1983).  If the insurer breached its duty to defend, "the insurer must reimburse the insured for the costs incurred by the insured in defending the claim."  Concord Hosp. v. N.H. Med. Malpractice Joint Underwriting Assoc., 142 N.H. 59, 61 (1997).  To determine the scope of coverage, the allegations

---

[3]Zurich contends that an Illinois court construed a similar provision in Crawford Labs., Inc. v. St. Paul Ins. Co., 715 N.E.2d 653 (Ill. App. Ct. 1999).  Although similar language was used in the policy at issue in that case, the court did not have occasion to consider its application because the underlying claims were seeking compliance with a California statute and statutory penalties for violations, not damages for bodily injury of any kind.  See id. at 657-58.

8

in the underlying suit must be compared to the policy provisions. See <u>A.B.C. Builders, Inc. v. Am. Mut. Ins. Co.</u>, 139 N.H. 745, 749 (1995).

The interpretation of an insurance contract is a question of law. <u>See</u> <u>Bianco Prof'l Ass'n v. Home Ins. Co.</u>, 740 A.2d 1051, 1055 (N.H. 1999). If a term is not defined in the policy, the term is to be given its plain and ordinary meaning, construed "as would a reasonable person in the position of the insured based on more than a casual reading of the policy as a whole." <u>High Country Assocs. v. N.H. Ins. Co.</u>, 139 N.H. 39, 41 (1994). Because an insurance company may limit its liability through clear and unambiguous policy language, ambiguous terms will be construed in favor of the reasonable expectations of the insured. <u>See</u> <u>A.B.C. Builders</u>, 139 N.H. at 748. "If more than one reasonable interpretation is possible, and an interpretation provides coverage, the policy contains an ambiguity and will be construed against the insurer." <u>Fed. Bake Shop v. Farmington Cas. Co.</u>, 736 A.2d 459, 460 (N.H. 1999).

In considering the allegations in the underlying complaint, the court is not bound by the language used, but instead must decide whether "by any reasonable intendment of the pleadings liability of the insured can be inferred." <u>Green Mountain Ins. Co. v. Foreman</u>, 138 N.H. 440, 443 (1994). "When the alleged

facts do not clearly preclude an insurer's liability, inquiry may proceed into underlying facts . . . to avoid permitting the pleading strategies, whims, and vagaries of third party claimants to control the rights of parties to an insurance contract." M. Mooney Corp. v. United States Fid. & Guar. Co., 136 N.H. 463, 469 (1992).  An insurer's duty to defend arises if claims are alleged in the underlying complaint that if proved true would be covered by the policy, even if other claims in the underlying complaint would not be covered.  See White Mountain Cable Constr. Co. v. Transamerica Ins., 137 N.H. 478, 482 (1993); see also Titan Holdings Syndicate v. City of Keene, 898 F.2d 265, 269 (1st Cir. 1990) (construing New Hampshire law).  Doubt as to the scope of the policy's coverage is to be resolved in favor of the insured. See Green Mountain, 138 N.H. at 443.

In this case, SIG Arms relies on the policy provision in Part C of the insuring agreement that includes, as damages for bodily injury, "damages claimed by any person or organization for care, loss of services or death resulting at any time from the 'bodily injury.'"  The plaintiffs in the underlying suits allege that SIG Arms's unreasonably dangerous firearms, together with its negligent and deceptive marketing practices, caused shooting deaths and injuries that have required the municipalities to pay for police, medical, and emergency services to respond to

10

shooting incidents and for health care and pension benefits for police officers and others injured or killed in shootings. Other courts that have addressed coverage under similar insurance provisions in the context of the same underlying suits by municipalities have determined that the insurers were obligated to defend their insureds in those suits. See, e.g., Scottsdale Ins. Co. v. Nat'l Shooting Sports Found., 2000 WL 1672997, at *1 (E.D. La. Nov. 6, 2000); Beretta, U.S.A., Corp. v. Fed. Ins. Co., 2000 WL 1532243, at *7 (D. Md. Sept. 29, 2000).

Zurich does not dispute the nature of the claims in the underlying suits, and there is no dispute that shooting injuries and deaths are bodily injuries within the meaning of the policy. Instead, Zurich argues that the provision in Part C provides no coverage because "bodily injury" under Illinois law does not cover claims for economic losses incurred because of bodily injury to a third person. See Diamond St., 611 N.E.2d at 1087-88. Even if Illinois law were the governing law in this case, Zurich's interpretation of Part C ignores the explicit language of the provision covering claims seeking damages "by any person or organization for care, loss of services or death resulting from bodily injury." The plain meaning of the provision is to provide coverage when a claim is made, as in the underlying lawsuits here, seeking the costs of providing care for shooting

11

victims and for the loss of their services.[4]  Based on the plain meaning of Part C, at least some of the claims in the underlying suits are covered by the insuring agreement in the 1998-1999 policy, which triggers Zurich's duty to defend the suits within the otherwise applicable limits of the 1998-1999 policy.

Conclusion

For the foregoing reasons, the plaintiff's motion for partial summary judgment (document no. 50) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

December 5, 2000
cc:  James Q. Shirley, Esquire
     Mitchell F. Dolin, Esquire
     Joseph K. Powers, Esquire
     Irvin D. Gordon, Esquire
     T. Joseph Snodgrass, Esquire
     Melinda S. Gehris, Esquire
     Kevin C. Devine, Esquire
     Steven D. Pearson, Esquire

_____

[4]Since the municipalities allege that their damages due to the costs of care and loss of services result from bodily injuries and death caused by shootings involving SIG Arms's firearms, the underlying allegations here are readily distinguishable from the statutory violations alleged in Crawford Labs., 715 N.E.2d at 657-58.  In addition, "care" in the context of the policy provision is not defined and is therefore construed according to its ordinary meaning to include police protection, health and medical services, and similar municipal benefits.