Hillsborough-northern judicial district
No. 98-200

CLIFFORD J. ROSS d/b/a ROSS LAW OFFICE

v.

THE HOME INSURANCE COMPANY

June 6, 2001

*McKean, Mattson & Latici, P.A.*, of Gilford (*Steven M. Latici* on the brief and orally), for the plaintiff.

*Dean, Rice & Kane*, of Concord (*Emily Gray Rice* on the brief), and *Cetrulo & Capone*, of Boston, Massachusetts (*David A. Grossbaum* and *Maura K. McKelvey* on the brief, and *Ms. McKelvey* orally) for the defendant.

NADEAU, J. The plaintiff, Clifford J. Ross, appeals an order of the Superior Court (*Groff*, J.) granting summary judgment to the defendant, The Home Insurance Company (Home). The plaintiff also appeals from the trial court's denial of certain discovery requests and its award of attorney's fees. We affirm.

The relevant facts follow. The plaintiff, an attorney, employed his son, David Ross, as an attorney in his firm in Manchester. On January 13, 1995, June L., a client of the firm, filed a two count writ, alleging that on July 19, 1993, David summoned her to his office after hours to sign some papers, and then raped her in the firm's offices. On June 5, 1996, June L. moved to amend the writ. The amended writ alleged the rape was a breach of David's fiduciary duty as an attorney (count I) and that the plaintiff was negligent for hiring and failing to supervise him (count II). The plaintiff settled this suit for $1.5 million.

During the relevant period, the plaintiff owned consecutive professional liability insurance policies issued by Home. The first policy ran from November 13, 1992, through November 13, 1993; the second from November 13, 1993, through November 13, 1994.

The 1992-1993 policy covers certain liabilities

> arising out of personal injury or any act or omission of the Insured in rendering or failing to render professional services for others . . . in the Insured's capacity as a lawyer, and caused by the Insured or any other person for whose acts or omissions the Insured is legally responsible, except as excluded or limited by the terms of this Policy.

The policy excludes "any claim arising out of any criminal or malicious act." It also does not apply "to any claim arising out of bodily injury to or sickness, disease, or death o[f] any person."

The 1993-1994 policy covers claims that are "caused by any act, error or omission for which the Insured is legally responsible, and arising out of the rendering or failure to render professional services for others in the Insured's capacity as a lawyer or notary public." It does not apply "to any liability for bodily injury, sickness, disease or death of any person."

Before June L. filed her writ, the plaintiff notified Home of potential claims arising from the rape via a December 2, 1993 letter. Home denied coverage, in part because: (1) the plaintiff failed to give timely notice of the incident; (2) the allegations in June L.'s writ did not involve rendering or failing to render professional services; and (3) specific exclusions in the policies barred coverage.

On December 5, 1996, the plaintiff filed a petition for declaratory judgment, seeking coverage under the professional liability policies. The superior court granted summary judgment in favor of the defendant on many grounds, all of which the plaintiff appeals. Because we agree with the superior court that the policies do not

cover the types of liability alleged in June L.'s writ, we need not address the other grounds.

In reviewing the grant of summary judgment, we consider the affidavits and pleadings in the light most favorable to the non-moving party. If there is no genuine issue of material fact and if the moving part is entitled to judgment as a matter of law, the grant of summary judgment is affirmed. *Weaver v. Royal Ins. Co. of America*, 140 N.H. 780, 781 (1996).

■ ■ "The interpretation of insurance policy language is ultimately a question of law for this court to decide. We construe the language of an insurance policy as would a reasonable person in the position of the insured based on a more than casual reading of the policy as a whole." *Allen v. Sentry Insurance*, 137 N.H. 579, 580-81 (1993) (quotation and citations omitted). "An insurance company remains free to limit its liability through clear and unambiguous policy language." *Weeks v. St. Paul Fire & Marine Ins. Co.*, 140 N.H. 641, 643 (1996) (quotations omitted). "[W]hen a court is determining the coverage of a professional liability insurance policy, it must examine the nature of the act performed, rather than the title or professional character of the actor." *Niedzielski v. St. Paul Fire & Marine Ins. Co.*, 134 N.H. 141, 144 (1991). "Typically, courts have found coverage under a professional liability policy only where the sexual contact with the patient was related to or intertwined with and inseparable from the services provided." *Id.* at 145 (quotation and brackets omitted). While *Niedzielski* dealt with a dentist's professional liability contract, we find this analysis is applicable in the context of legal professional liability contracts.

■ ■ "It is well-settled law in New Hampshire that an insurer's obligation to defend its insured is determined by whether the cause of action against the insured alleges sufficient facts in the pleadings to bring it within the express terms of the policy . . . ." *Green Mt. Ins. Co. v. Foreman*, 138 N.H, 441-42 (1994) (quotation omitted). Therefore, in order to determine the "nature of the act performed," we first look to the writ filed by June L. We may, however, inquire into the underlying facts "to avoid permitting the pleading strategies, whims and vagaries of third party claimants to control the rights of parties to an insurance contract." *M. Mooney Corp. v. U.S. Fidelity & Guaranty Co.*, 136 N.H. 463, 469 (1992).

The relevant portions of count one of the amended writ provide:

> David A. Ross owed a fiduciary duty to plaintiff to act in her best interest and to take no action that would exacerbate

her already weakened emotional state; that, nevertheless, David A. Ross breached said duty when he forcibly restrained plaintiff in his office, kissed her against her will, and then raped [plaintiff] while she was in a semiconscious or unconscious condition . . . .

Count two provides, in part:

Clifford J. Ross owed a duty to plaintiff and others to remove David A. Ross from his employ and to prevent contact between David A. Ross and clients such as plaintiff; that, nevertheless, Clifford J. Ross breached said duty to plaintiff by negligently failing to supervise and control the conduct of his employee and by negligently retaining David A. Ross as an employee; that, as a direct and proximate result of defendant's negligence as aforesaid, plaintiff sustained serious physical and psychological injury when she was raped by David A. Ross . . . .

The policies limit coverage to personal injury or acts that arise out of the "rendering or failure to render professional services for others" as a lawyer. The act alleged in the first count is the rape of June L. We have held that mere presence in the professional's offices does not provide a nexus between "professional services" and the act of rape; the act is in no way a professional service. *See Niedzielski*, 134 N.H. at 144. Nor is it related to or intertwined with the practice of law. Therefore, there is no coverage, irrespective of the fact that the victim may have been lured into the office ostensibly to sign legal documents.

■ The acts alleged in the second amended writ are the plaintiff's negligent hiring and supervision of David. The damages alleged relative to this claim, however, are "serious physical and psychological injury when she was raped." Resulting damages are an essential element in a negligence claim. Thus, where the damages arise entirely out of an act that would not be covered under an insurance policy, the negligence claim is not one that would be covered under the policy either. *See Winnacunnet v. National Union*, 84 F.3d 32, 36 (1st Cir. 1996) (interpreting New Hampshire law).

■ ■ Further, we disagree that the negligent hiring of an employee who rapes a client is an "act or omission . . . [done] in rendering or failing to render professional services for others." Generally, the personnel decisions of a law firm are relative and incidental to the business aspects of the firm, not its professional

services. *See generally Cohen v. Empire Cas. Co.*, 771 P.2d 29, 31 (Colo. Ct. App. 1989). Unless the "act or omission" alleged relates to damages arising from the "rendering of professional services," there is no coverage under these policies.

■ Finally, the plaintiff argues that Home breached its duty to defend in June L.'s suit and thus is equitably estopped from arguing against coverage in this declaratory judgment action. We disagree. "[T]he insurer's obligation is not merely to defend in cases of perfect declarations, but also in cases where by any reasonable intendment of the pleadings liability of the insured can be inferred. . . ." *Green Mt. Ins. Co. v. Foreman*, 138 N.H. at 443 (quotation omitted). Nevertheless, while the duty to defend is broader than the duty to indemnify, "[a]n insurer's breach . . . should not be used as a method of obtaining coverage for the insured that the insured did not purchase." *A.B.C. Builders v. American Mut. Ins. Co.*, 139 N.H. 745, 751 (1995). Thus, there must always be a nexus between the type of liability alleged against the insured and the type of coverage provided in the policies. The amended writ did not allege anything associated with the "rendering of professional services" and therefore did not trigger Home's duty to defend.

■ The plaintiff also appeals an order of the Superior Court (*Barry*, J.) denying the plaintiff's motion to compel discovery of records relative to Home's handling of coverage in other professional liability insurance cases. The plaintiff argues that Home's past practices relative to similar claims would be relevant toward determining coverage in this case. We disagree. As noted above, the determination of the scope of insurance coverage is a question of law determined according to the reasonable person's reading of the contract language. Thus, coverage in other insurance coverage cases is not necessarily relevant. Further, the decision to disallow pretrial discovery is within the sound discretion of the trial judge. *See Miller v. Basbas*, 131 N.H. 332, 338 (1988). We find no abuse of discretion.

■ Finally, the plaintiff appeals the Superior Court's (*Groff, J.*) order awarding Home reasonable attorney's fees associated with its contest of the plaintiff's motion to compel answers to deposition questions. That motion directly contravened a discovery order barring such questions. The trial court is given "tremendous deference" regarding the award of attorney's fees. *Kukene v.*

474

*Genualdo*, 145 N.H. 1, 3 (2000). Given the clear purpose and limited scope of the award in this case, we find no abuse of discretion.

*Affirmed.*

DALIANIS, J., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.