Merrimack
No. 2007-042

JENNIFER PHILBRICK *& a.*

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY

Submitted: September 19, 2007
Opinion Issued: October 31, 2007

*McGrath Law Firm, P.A.*, of Concord (*Daniel J. Corley* on the memorandum of law), for the plaintiffs.

*Devine, Millimet & Branch, P.A.*, of Manchester (*Andrew D. Dunn* and *Holly J. Kilibarda* on the brief), for the defendant.

DUGGAN, J. In this declaratory judgment action, the respondent, Liberty Mutual Fire Insurance Company (Liberty Mutual), appeals an

order of the Superior Court (*Conboy*, J.) granting summary judgment in favor of the petitioners, J.P. and C.P., by their mother and natural guardian, Jennifer Philbrick; Jennifer Philbrick and Shawn Philbrick, individually (the Philbricks); and the intervenors, Donald and Cynthia Carrier (the Carriers). We reverse.

The record supports the following. According to the petition, in May 2004, the Carriers' minor son sexually molested the Philbricks' children while he was babysitting them. The Philbricks subsequently brought a civil action against the Carriers, alleging negligent supervision and negligent entrustment. The Philbricks also brought claims against the Carriers' son for loss of consortium and assault and battery.

At the time of the molestation, the Carriers were insured under a homeowner's policy issued by Liberty Mutual. In response to the Philbricks' action, the Carriers filed a claim with Liberty Mutual seeking coverage under their policy. Liberty Mutual denied coverage on three grounds: (1) the events that gave rise to the claim for coverage did not constitute an "occurrence" as defined in the policy; (2) the policy excluded coverage for bodily injury "expected or intended by one or more 'insureds'"; and (3) the policy excluded coverage for bodily injury "[a]rising out of sexual molestation."

In response to Liberty Mutual's denial, the Philbricks and Carriers jointly filed a declaratory judgment action to determine the extent to which Liberty Mutual was obligated to provide coverage. After the parties filed cross-motions for summary judgment, the trial court granted summary judgment for the Philbricks and Carriers, finding that the insurance policy covered the negligence claims. The court concluded that the alleged negligent supervision and negligent entrustment were "occurrences," and that the intentional act and sexual molestation exclusionary clauses were ambiguous and did not preclude coverage.

In reviewing the trial court's grant of summary judgment, we consider the affidavits, and all inferences properly drawn from them, in the light most favorable to the non-moving party. *Marikar v. Peerless Ins. Co.*, 151 N.H. 395, 397 (2004). If there is no genuine issue of material fact, and if the moving party is entitled to judgment as a matter of law, the grant of summary judgment is proper. *Id.* We review the trial court's application of the law to the facts *de novo. Id.*

■ Resolution of this dispute requires us to interpret the insurance policy. Interpretation of an insurance policy is a question of law. *Peerless Ins. v. Vt. Mut. Ins. Co.*, 151 N.H. 71, 72 (2004). We construe the language of an insurance policy as would a reasonable person in the position of the insured based upon a more than casual reading of the policy as a whole.

*Wilson v. Progressive N. Ins. Co.*, 151 N.H. 782, 788 (2005). Where the terms of the policy are clear and unambiguous, we accord the language its natural and ordinary meaning. *Id.* However, if the policy is reasonably susceptible to more than one interpretation and one interpretation favors coverage, the policy will be construed in favor of the insured and against the insurer. *Id.* Absent a statutory provision or public policy to the contrary, an insurance company is free to limit its liability through an exclusion written in clear and unambiguous policy language. *Trombley v. Liberty Mut. Ins. Co.*, 148 N.H. 748, 751 (2002). For exclusionary language to be considered clear and unambiguous, two parties cannot reasonably disagree about its meaning. *Id.* Pursuant to RSA 491:22-a (1997), "the burden of proving lack of insurance coverage is on the insurer." *Maville v. Peerless Ins. Co.*, 141 N.H. 317, 320 (1996).

On appeal, Liberty Mutual argues, *inter alia*, that the sexual molestation exclusion unambiguously precludes coverage of the negligence claims asserted against the Carriers. The Philbricks counter that the language of the exclusion is ambiguous and, thus, should be construed in their favor. Additionally, the Philbricks argue that it was the Carriers' negligence that caused the children's injuries, rather than the sexual molestation, and thus the exclusionary clause is inapplicable.

The sexual molestation exclusion bars coverage for "'bodily injury' or 'property damage' ... [a]rising out of sexual molestation, corporal punishment or physical or mental abuse . . . ." The Philbricks contend that this exclusion is ambiguous as applied to the facts of this case. They assert, and the trial court found, that a reasonable person could interpret the exclusion to preclude coverage only where the insured is the perpetrator. As a result, the Philbricks argue, their negligence claims against the Carriers remain covered under the policy because the Carriers did not perpetrate the sexual molestation. We disagree.

We have consistently interpreted the phrase "arising out of" as a "very broad, general and comprehensive term, which ... mean[s] 'originating from or growing out of or flowing from.'" *Allstate Ins. Co. v. Crouch*, 140 N.H. 329, 332 (1995) (quoting *Merrimack School Dist. v. Nat'l School Bus Serv.*, 140 N.H. 9, 13 (1995)). This means that "the causal connection between the [bodily injury and the tort alleged] must be more than tenuous." *Pro Con Constr. v. Acadia Ins. Co.*, 147 N.H. 470, 472 (2003). More specifically, we interpreted similar exclusionary language in *Preferred National Insurance Co. v. Docusearch, Inc.*, 149 N.H. 759 (2003), contrary to the Philbricks' arguments.

In *Docusearch*, the administratrix of the estate of a homicide victim sued Docusearch for, among other things, causing the victim's death by negligently disseminating the victim's social security number and place of

employment to a third party. *Id.* at 761. Docusearch's insurance company sought a declaratory judgment, arguing that it was under no obligation to defend or indemnify Docusearch against the negligence claim because of a policy provision that excluded coverage for "[a]ctions and proceedings to recover damages for bodily injuries ... arising from ... assault and battery ...." *Id.* at 761-62. We rejected the respondents' assertion that, under this language, the insurance company's obligations were determined solely by the actions of the insured. *Id.* at 763. Instead, we held that because damages are an essential part of a negligence claim, "where the damages arise entirely out of an act that would not be covered under an insurance policy, the negligence claim is not one that would be covered under the policy." *Id.* Because the respondents failed to allege any damages other than those suffered by the victim as a result of the assault and battery, we concluded that the assault and battery exclusion precluded coverage. *Id.* at 764.

The Philbricks point out that other courts have reached different conclusions in interpreting similar exclusions. One view holds that such an exclusion does not bar coverage for a claim of negligent supervision because such a claim "arises" not from sexual molestation, but from an insured's negligence. Not surprisingly, the Philbricks rely upon one such case, *St. Paul Fire & Marine Insurance Co. v. Schrum*, 149 F.3d 878 (8th Cir. 1998). In *Schrum*, after the Schrums' houseguest sexually molested two minor children, the children's parents sued the Schrums for negligent supervision. *Id.* at 879. The court held an exclusion in the Schrums' insurance policy for "bodily injury or property damage ... arising out of any sexual act, including but not limited to molestation, incest or rape" did not apply because the perpetrator's alleged conduct was "merely incidental" to the parents' negligence claim, and the allegations included "separate and non-excluded causes" of the children's injuries. *Id.* at 880-81.

Other courts have interpreted the phrase "arising out of" more broadly to exclude claims having "some causal connection" to sexual molestation. *See American Commerce Ins. Co. v. Porto*, 811 A.2d 1185, 1196 (R.I. 2002) ("if the alleged sexual molestation is a cause of the claimed bodily injuries, then the existence of other alleged negligence claims and proximate causes is of no moment—the bodily injuries alleged are causally connected to or 'arise out of' the sexual molestation, and are thereby excluded from coverage"); *Allstate Ins. Co. v. Bates*, 185 F. Supp. 2d 607, 613 (E.D.N.C. 2000) (explicitly rejecting the conclusion reached in *Schrum*, reasoning that "[w]ithout the molestation there would be no injury and thus, no basis for the negligence claim"); *Hingham Mut. Fire Ins. Co. v. Smith*, 865 N.E.2d 1168, 1171-72 (Mass. App. Ct. 2007); *Northwest G.F. Mut. Ins. Co. v. Norgard*, 518 N.W.2d 179, 184 (N.D. 1994).

■■ The latter view is consistent with our holding in *Docusearch*. In *Docusearch*, we rejected the argument that the assault and battery exclusion did not apply to the negligence claim because the damages arose from the insured's negligence rather than the assault and battery. *Docusearch*, 149 N.H. at 763. Although we note that the language of the insurance policy in *Docusearch* is slightly different from that in the instant case, the reasoning in *Docusearch* fully applies. The language of the exclusion in *Docusearch* places emphasis on whether the "actions and proceedings to recover damages" arose from the assault and battery, whereas here, the language precludes coverage for "'bodily injury' . . . [a]rising out of sexual molestation." Particularly where, as here, the language of the policy explicitly ties the exclusion to the nature of the injury, the analysis should be directed toward the injuries suffered, rather than the causes of action in the complaint. *See Norgard*, 518 N.W.2d at 184. In both instances, however, the focus is upon whether the alleged harm arose from an act excluded under the policy. *Docusearch*, 149 N.H. at 763. Here, the damages alleged are the "bodily injury to the Philbrick children and emotional distress for all plaintiffs." There can be no doubt that these injuries "originat[ed] from or gr[e]w[] out of or flow[ed] from" the sexual molestation. *See Crouch*, 140 N.H. at 332. Although it can be argued that these injuries may, in a sense, have been caused by the Carriers' negligent acts, it does not follow that these injuries did not "arise out of" sexual molestation. Indeed, there would be no injuries and, therefore, no damages under the negligence claims absent the sexual molestation. Thus, the alleged bodily injuries did "arise out of" the excluded act of sexual molestation and, therefore, the exclusion applies to preclude coverage. *See also Winnacunnet v. National Union*, 84 F.3d 32, 36 (1st Cir. 1996) ("if underlying plaintiffs cannot prevail on their negligence claims without showing how the murder . . . affected them, then their claims must "arise out of" the excluded acts of assault, battery, bodily injury and death").

Given our conclusion, we need not consider whether the policy's intentional act exclusion applies. Accordingly, we find the trial court erred in granting summary judgment to the Philbricks and Carriers and in denying summary judgment to Liberty Mutual.

*Reversed.*

BRODERICK, C.J., and DALIANIS, J., concurred.