STATE OF MAINE
YORK, ss.
SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-08-084

LIBERTY MUTUAL INSURANCE
COMPANY,

Plaintiff

v.                                          **ORDER**

JAMES ROY and TAMMY COLE
f/k/a TAMMY ROY,

Defendants

v.

JULIE ROBILLARD and DENNIS
ROBILLARD, et al.,

Parties-In-Interest

This case comes before the Court on Plaintiff Liberty Mutual's Motion for Summary Judgment pursuant to M.R. Civ P. 56 on its complaint for declaratory judgment.

## BACKGROUND

The facts of this case are largely undisputed. On or about February 5, 2008, Dennis and Julie Robillard filed a civil action against James Roy and Tammy Cole (f/k/a Tammy Roy). Exhibit A, CV-07-32 Underlying Complaint. In their complaint, the Robillards allege that in March 2006, Mr. Roy and Ms. Cole's minor son, ZR, molested one of the Robillards' children. Exhibit A, ¶¶7-8. The Robillards base their complaint on the theories of Negligent Supervision and Negligent Infliction of Emotional Distress. Exhibit A, Counts I & IV. Moreover, the Robillards also allege that their entire family has suffered loss of consortium based on ZR's alleged molestation of their son. Exhibit A, Counts II & III.

Liberty Mutual issued to Mr. Roy and Ms. Cole a homeowners insurance policy that was effective between July 10, 2005 and July 10, 2006. Exhibit B. This policy included several exclusions, including, by not limited to, exclusions based on "intended/expected injury" [1] and sexual molestation.[2] These two specific exclusions, Liberty Mutual argues, relieve it of any obligation to defend Mr. Roy and Ms. Cole in the case alleging negligent supervision, negligent infliction of emotional distress, and loss of consortium.

## DISCUSSION

### I. Standard of Review

"Summary judgment is no longer an extreme remedy." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 21. The purpose of summary judgment is to reach "judicial resolution of those matters that may be decided without fact-finding." *Id.* ¶ 7, 784 A.2d at 22. Summary judgment is proper where there exist no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655.

### II. Does the Plan Obligate Liberty Mutual to Defend Mr. Roy and Ms. Cole?

Whether an insurer has an obligation to defend its insured against a complaint is a question of law. *Northern Sec. Ins. Co. v. Dolley*, 669 A.2d 1320, 1322 (Me. 1996). In order to resolve the issue of whether there exists a duty to defend, courts must compare

---

[1] The "intended/expected injury" exclusion provides:
Section II- EXCLSUSIONS
1.    Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to "bodily injury" or "property damages":
a.    Which is expected or intended by one or more "insureds;" Exhibit B, p. 11, Section II, ¶1(a).

[2] The "sexual molestation" exclusion provides:
Section II- EXCLSUSIONS
1.    Coverage E – Personal Liability and Coverage F – Medical Payments to Others do not apply to "bodily injury" or "property damages":
k.    Arising out of sexual molestation, corporal punishment or physical or mental abuse; Exhibit B, p. 12, Section II, ¶1(k)

2

the complaint at issue with the insurance contract. *Elliot v. Hanover Ins. Co.*, 711 A.2d 1310, 1312 (Me. 1998). Under this test, commonly known as the "comparison test," the insurer has a duty to defend the insured if the underlying complaint "disclosed a 'potential or a possibility' for liability within the policy's coverage." *Id.* An ambiguity "must be resolved in favor of a duty to defend, *Mass. Bay Ins. Co. v. Ferraiolo Constr. Co.*, 584 A.2d 608, 609 (Me. 1990).

A.    Arising Out of Sexual Molestation Exclusion[3]

Mr. Roy and the Robillards argue that the suit does not arise out of an incident of sexual molestation, but rather, is based on Mr. Roy and Ms. Cole's failure to monitor, supervise, treat, and warn others about ZR proclivity towards sexually deviant behavior. Alternatively, they argue that the sexual molestation exclusion in the policy is, at a minimum, ambiguous "as to whose conduct the exclusion describes," and therefore Liberty Mutual has a duty to defend.

While the Law Court has not had the opportunity to discuss the sexual molestation exclusion at length, there is some case law that indicates how the phrase "arising out of," is interpreted by our courts.[4] In one case, the Law Court held that the phrase "arising out of" is not ambiguous. *Acadia Ins. Co. v. Vt. Mut. Ins. Co.*, 2004 ME 121, ¶ 8, 860 A.2d 390, 393. There, it was explained that, in the workers compensation

---

[3]    Because there may be some ambiguity created within the policy and amendments thereto concerning the terms "the insured" and "any insured", see *Korhonen v. Allstate Insurance Co.*, 2003 Me. 77, 827 A.2d 833, I focus on the "arising out of sexual molestation" exclusion.

[4]    Liberty Mutual cites to the case of *Philbrick v. Liberty Mut. Fire. Ins. Co.*, 934 A.2d 582 (NH 2007), a case that, while outside our jurisdiction, is squarely on point. There, a minor sexually molested the children he was babysitting for, and the parents of the victims sued the parents of the alleged perpetrator, alleging negligent supervision and negligent entrustment. *Id.* at 583. The New Hampshire Supreme Court broadly interpreted the phrase "arising out of" in the policy's sexual molestation exclusion to mean "originating from or growing out of or flowing from." *Id.* at 585. Based on its reading of this phrase, the Court concluded that "[a]lthough it can be argued that these injuries may, in a sense, have been caused by the [parents'] negligent acts, it does not follow that these injuries did not "arise out of" sexual molestation. Indeed, there would be no injuries and, therefore, no damages under the negligence claims absent the sexual molestation. Thus, the alleged bodily injuries did "arise out of" the excluded act of sexual molestation and, therefore, the exclusion applies to preclude coverage." *Id.* at 586.

context, the Court has given the term "arising out of" a broad interpretation, stating "an injury arises out of employment when, in some proximate way, it has its origin, its source, or its cause in the employment." *Id.* (quoting *Hawkes v. Commercial Union Ins. Co.*, 2001 ME 8, ¶12, 764 A.2d 258, 264.). The Court went on to note that the First Circuit has similarly given the phrase a broad reading in the context of insurance contracts, defining "arising out of" to mean "originating from, growing out of, flowing from, incident to or having a connection with." *Murdock v. Dinsmoor*, 892 F.2d 7, 8 (1st Cir. 1989).

While Mr. Roy, Ms. Cole[5], and the Robillards are correct in stating that the complaint against Mr. Roy and Ms. Cole is based on a negligence theory of liability, this does not change the fact that the injuries sustained by the Robillards and their children were caused by ZR's alleged molestation of the Robillard child. No matter what Mr. Roy and Ms. Cole's responsibilities concerning their son leading up to the alleged molestation, the fact remains that had the alleged molestation not occurred, the Robillards with have no cause of action against Mr. Roy and Ms. Cole. It is therefore evident that the claim brought against Mr. Roy and Ms. Cole relates to injuries arising out of an alleged sexual molestation, and therefore, Liberty Mutual is not obligated under the policy to defend Mr. Roy and Ms. Cole.

## CONCLUSION

Based on the above discussion, Plaintiff Liberty Mutual's Motion for Summary Judgment is **GRANTED**.

Dated:      June *16*, 2009

G. Arthur Brennan
Justice, Superior Court

---

[5]      The clerk was advised on May 28, 2009 that the claims against Ms. Cole would be dismissed once settlement was complete.

John S. Whitman, Esq. – PL                    James Noucas, Esq. – DEF. TAMMY COLE
Gregory J. Orso, Esq. – DEF. JAMES ROY        Matthew Cox, Esq. – DEFS. ROBILLARD