NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY, a New York corporation, | No. 10-16709 |
| Plaintiff - Appellee, | D.C. No. 2:09-cv-01874-GMS |
| v. | |
| PAULINE GILSON, as surviving spouse and personal representative for the Estate of Robert Gilson, | MEMORANDUM* and ORDER |
| Defendant - Appellant, | |
| and | |
| JOHN C. BITOW; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted October 26, 2011
San Francisco, California

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: GRABER and IKUTA, Circuit Judges, and KAPLAN,[**] Senior District Judge.

Pauline Gilson, Robert Gilson's wife and the personal representative of his estate, appeals the district court's judgment that Metropolitan Property and Casualty Insurance Company ("Metropolitan") did not have a duty to defend, under a homeowner's insurance policy, an action brought by Joel Bitow's estate concerning the crash of a Tanarg 912 air trike. Reviewing de novo, Ward v. Ryan, 623 F.3d 807, 810 (9th Cir. 2010), we affirm.

1. New Hampshire substantive law applies in this diversity case. "To determine the applicable substantive law, a federal court sitting in diversity applies the choice-of-law rules of the forum." Narayan v. EGL, Inc., 616 F.3d 895, 898 (9th Cir. 2010). Under Arizona law, the applicable substantive law in an insurance case is "the principal location of the insured risk." Restatement (Second) of Conflict of Laws § 193 (1971); see Beckler v. State Farm Mut. Auto. Ins. Co., 987 P.2d 768, 772 (Ariz. Ct. App. 1999) (holding that section 193 of the Restatement governs when there is no choice-of-law provision in the insurance policy). Here, "the principal location of the insured risk" of the New Hampshire home is New Hampshire.

---

[**] The Honorable Lewis A. Kaplan, Senior United States District Judge for the Southern District of New York, sitting by designation.

2. The district court correctly held that the vehicle was an "aircraft" under the insurance policy. Even assuming that the term is ambiguous, we must interpret the term "in context and as would a reasonable person in the position of the insured." Panciocco v. Lawyers Title Ins. Corp., 794 A.2d 810, 813 (N.H. 2002). A reasonable insured would interpret the term according to its everyday usage, and a motorized vehicle that flies through the air for hundreds of miles under the control of one or more pilots easily falls within the everyday definition of an "aircraft."

3. The district court correctly held that, looking to the underlying complaint, the vehicle was "operated by" Robert Gilson. See U.S. Fid. & Guar. Co. v. Johnson Shoes, Inc., 461 A.2d 85, 87 (N.H. 1983) ("It is well-settled law in New Hampshire that an insurer's obligation to defend its insured is determined by whether the cause of action against the insured alleges sufficient facts in the pleadings to bring it within the express terms of the policy . . . ."). The underlying complaint alleges, for instance, that "Robert Gilson was co-piloting" the aircraft, that "there are no such things as 'passengers'" on the aircraft, and that "the interaction between the two [occupants], in flight, is essential to the aircraft['s] staying aloft" in that "the student is required to participate in the weight shifts, in synch with the pilot" even if not using his own set of controls. In light of those

3

allegations and the absence of allegations to the contrary, we hold that a duty to defend cannot "be inferred by any reasonable intendment" of the underlying complaint. Green Mountain Ins. Co. v. Foreman, 641 A.2d 230, 233 (N.H. 1994). Accordingly, the district court did not err by declining to look beyond the underlying complaint. See A.B.C. Builders, Inc. v. Am. Mut. Ins. Co., 661 A.2d 1187, 1190 (N.H. 1995) (holding that the inquiry begins with the underlying pleadings and that the trial court should inquire into the underlying facts only "if necessary").

4. The district court correctly held that the "arising out of" requirement was met. Under the applicable broad interpretation of that phrase, the bodily injury to Joel Bitow "ar[ose] out of" the occupancy or operation of the aircraft. See Philbrick v. Liberty Mut. Fire Ins. Co., 934 A.2d 582, 584 (N.H. 2007) ("We have consistently interpreted the phrase 'arising out of' as a very broad, general and comprehensive term, which means 'originating from or growing out of or flowing from.'" (internal quotation marks, elllipsis, and brackets omitted)).

5. We reject Pauline Gilson's arguments that estoppel or waiver applies here by virtue of letters sent by Metropolitan. Estoppel does not apply because Ms. Gilson has not demonstrated detrimental reliance. See A. Perley Fitch Co. v. Cont'l Ins. Co., 104 A.2d 511, 513 (N.H. 1954) ("The question whether the

4

[insurer] is estopped to assert its defense . . . depends . . . on whether the insured has reasonably relied upon the company's conduct to his prejudice.").  Waiver does not apply because Metropolitan did not intend to waive its challenge to the duty to defend.  Therrien v. Md. Cas. Co., 84 A.2d 179, 182 (N.H. 1951) ("Waiver involves intent or consent, express or implied, on the part of the [insurer] . . . ." (internal quotation marks omitted)).  To the contrary, the letters stated that "[n]othing in this letter should be deemed a waiver of the terms and conditions of the Homeowners Policy."

**AFFIRMED.**  All pending motions are **DENIED** as moot.

*Metropolitan Property & Cas. Ins. Co. v. Gilson*, No.10-16709

IKUTA, Circuit Judge, dissenting:

The complaint filed against Gilson presents the common sense proposition that, in an aircraft like an ultralight, if a big man loses consciousness and becomes (in effect) dead weight, the aircraft is likely to crash. Accordingly, the complaint argues, Gilson can be held liable for lying about his health on the medical form required before taking a seat in the two-seater. More specifically, the complaint alleges:

> The totality of the circumstances make it more likely than not that the death of Joel Bitow was caused by a medical emergency experienced by Mr. Gilson. Mr. Gilson was larger than Joel Bitow and, upon information and belief, that is, according to persons expert in the operation of ultra light aircraft, the weight of the student pilot impacting the pilot or even the weight of an unconscious or deceased person shifting without control in the student pilot's seat would make it impossible for the pilot to control the aircraft.

Thus, the crash occurred "as a result of [Gilson] becoming unconscious, dying in mid-flight, or otherwise losing control of his movements." The complaint further alleges that Gilson should have known that "his health was of such a precarious nature that he could easily not be able to control his movements and, as a result, cause the crash of the ultra light aircraft." As a result, according to the complaint, Gilson "breached his duty to Joel Bitow by lying about his medical

-1-

condition."

The insurance company argues that because the complaint also alleges that Gilson had to "participate in the weight shifts, in synch with the pilot," the complaint's theory of liability requires the jury to find that Gilson was an operator of the aircraft. But this is merely an alternate theory of liability, and the complaint can easily be read as claiming that Gilson's collapse would have made it impossible for Bitow to fly the aircraft regardless of any weight-shifting requirement. Nor is it certain that plaintiff could prove that Gilson was an operator: appellant's expert witness testified in his deposition that the passenger in such an aircraft is not a pilot and does "nothing" unless the pilot directs him to take some action. And the parties have not cited any state law establishing that participating in weight shifts even constitutes "operating" an aircraft. In sum, Gilson's liability does not *necessarily* turn on proof that Gilson breached a duty to serve as an operator of the ultralight.

It is well established in New Hampshire law that if a complaint alleges a covered claim against the insured under any reasonable reading of the pleadings, the insurance company has a duty to defend. *State Farm Ins. Co. v. Bruns*, 942 A.2d 1275, 1278 (N.H. 2008). "In cases of doubt as to whether the complaint against the insured alleges a liability of the insurer under the policy, the doubt must

be resolved in the insured's favor." *Id.* Further, on summary judgment, we are to consider the evidence, and all inferences properly drawn from it, in the light most favorable to the non-moving party. *Id.* at 1277.

Here, considering the facts in the light most favorable to appellant, and given the absence of state law guidance on the crucial question of what constitutes "operating" an aircraft, an Arizona jury could hold Gilson liable for negligence under this complaint regardless whether the jury found he was the "operator" of the aircraft in some legal sense. At a minimum, there is doubt as to whether the complaint alleges a covered claim. *Cf. Bruns*, 942 A.2d at 1278; *Happy House Amusement, Inc. v. N.H. Ins. Co.*, 609 A.2d 1231, 1232 (N.H. 1992) ("[N]either ambiguity, inconsistency, nor duplicity in the [underlying plaintiff's] complaint or declaration can justify escape of the insurer from its obligation to defend." (alteration in original) (quoting 14 M. Rhodes, *Couch on Insurance 2d* § 51:49 (rev. ed. 1982)) (internal quotation marks omitted)). Under these circumstances, I would hold that Metropolitan had a duty to defend. Therefore, I respectfully dissent.